S. Samuel Di Falco, S.
This proceeding was brought by the executors, the trustees and a group of legatees to obtain a determination of the validity of a notice of election to take against the will by the widow of the testator. The interested parties have agreed to try first the issue of the validity of two documents executed by the widow which purport to waive her right of election. If the documents are valid, it is agreed that further litigation in this proceeding will be unnecessary. If the documents are not valid, the question of her election will depend upon the estate finances.
The testator’s will, executed on June 22, 1954, creates a trust for the life of his wife, from which she is to receive the sum of $7,500 a year from income of the trust fund, if sufficient, or from principal to the extent that the annual income is less than that sum. The widow also receives a pecuniary legacy.
The widow concedes that she signed the two documents which are in evidence. No question of imposition, misrepresentation or fraud is raised. The first one is dated July 22, 1954. In that instrument the wife “ covenants and agrees to and hereby does ratify and confirm the particular Last Will and Testament of [the husband], dated June 22,1954, and witnessed by Stanley H. Lowell and Sylvia Klezmer, and hereby waives the right conferred by law to elect to take as against such Will of [the husband] the, intestate share to which the [wife] would otherwise be entitled.” The document has affixed to it the certificate of Jacob B. Bothberg, a notary public, that it was acknowledged before him on July 22, 1954. Mr. Bothberg is now dead.
The second document is dated February 7,1957, the same day that the decedent executed the codicil to his will. In this instrument, the wife “ covenants and agrees to and hereby does ratify and confirm the particular Last Will and Testament of the party of the second part, dated June 22,1954, and witnessed by Stanley H. Lowell and Sylvia Klezmer, and hereby does ratify and confirm the Codicil dated the 7th day of February, 1957, and witnessed by Stanley H. Lowell and Sylvia Klezmer, and hereby waives the right conferred by law to elect to take as against such Will and/or Codicil of [the husband], the intestate share to which the [wife] would otherwise be entitled.” This instrument contains the certificate of Sylvia Klezmer, a notary public, that the execution of the instrument by Mrs. Moskowitz was acknowledged before her on February 7, 1957.
The widow testified that she did not sign either of the instruments in the presence of a notary public, that she never acknowledged her signature on those instruments before a notary public, that she never saw Sylvia Klezmer and never signed any paper *958 at all in her presence. Mrs. Moskowitz is a very interested witness because her right to elect to take against the will does not survive unless she can prove the instruments to be defective. Her testimony is not impressive. It reveals a lack of memory, or a lack of frankness, concerning other events than those connected with the execution of the instruments. For example, she testified that she never went to the office of Mr. Lowell where the second instrument appears to have been signed. 'She stated that she had never talked with Mr. Lowell about business except on one occasion subsequent to the death of her husband. Although Mr. Lowell was unable to recall the specific events connected with the execution of the 1957 instrument, he testified positively that she was in his office on one occasion and again at a more distant period in the past while the witness’ father was alive. The widow also testified that she never signed any paper at all before a notary public, but she identified her signature on the answer in the present proceeding and on her demand for a bill of particulars, both of which were verified.
On the other hand, the testimony of the notary public, Sylvia Klezmer, is clear and unequivocal. 'She was a legal stenographer, and at that time was employed by Mr. Lowell. She recalled typing the 1957 instrument and its execution by the widow at the office of Mr. Lowell. She stated that the testator had introduced her to his wife on that day, that Mrs. Moskowitz signed it in the presence of the Witness and she acknowledged it. She has no interest in the present controversy.
Two witnesses identified the signature of Jacob Rothberg. The widow admitted that she knew Mr. Rothberg, that he was associated with her husband in business, and that he came to the home of the decedent on many occasions. She could not remember the number of visits per year, the last date she saw him, or the first time she saw him. She does not know whether he had visited the house on the day she signed the document, but she testified that he was not there when she signed it, and that she never signed any paper whatever in his presence. Although he was a business associate of her husband and came to the house often, the witness attempts to disassociate herself from bim altogether as she attempted to do with Mr. Lowell.
In Matter of Goodman (2 A D 2d 558, 560) the court said: “ Before discussing the applicable principles of law, no emphasis is great enough to mark the fact that the authentication of an otherwise genuine document by a notary public is not to be lightly upset, especially in the absence of fraud, duress, undue influence, or their equivalent. ’ ’ Reviewing the legislative history of the statute which is now section 384 of the Civil Practice Act, *959 Mr. Justice Breitel, speaking for the majority, continued (pp. 562-563): “ Consequently, the effect of the certificate of acknowledgment was to provide evidence that survived any contrary proof. It was available to the trier of the facts for purposes of credit, despite contrary proof if not believed, and even if such proof consisted of impeachment by the one who himself executed the certificate of acknowledgment. * * * Hence, in this case, by the language of the statute, by the legislative history, and by the controlling decisions of the Court of Appeals, a certificate of acknowledgment under sections 384 and 386 of the Civil Practice Act gives not merely a presumption, but provides evidence itself, sufficient to take the case to the trier of the facts, notwithstanding contrary proof.” In that case, with the certificate of acknowledgment and the testimony of the notary public, even though he had made prior inconsistent statements, the court held that the Surrogate was justified in holding that the evidence of due and proper execution of a waiver by a surviving spouse was not overcome by clear and unconvincing proof.
In the pending case, there is clear and unequivocal testimony by the notary public, Sylvia Klezmer, in support of her certificate. She never made any contrary or different statement. On the other side is the testimony of an interested party which has been severely impugned on cross-examination. The court finds upon the entire record that the instrument dated February 7, 1957 was signed in the presence of the notary and acknowledged by the widow before the notary. It will be observed that this instrument contains a waiver of the right to elect against the will, as well as the codicil. In addition, the court finds that the presumptions flowing from the certificate of the notary, Jacob B. Rothberg, have not been overcome by clear and convincing evidence. On all of the evidence in the record the court must find that the instrument of July 22, 1954 was duly executed and acknowledged.